UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6959 PA (SKx) | Date | October 19, 2022 |
|---|---|---|---|
| Title | L. N. v. John Shirley | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS—ORDER

On September 28, 2022, the Court ordered plaintiff "L.N." ("Plaintiff") to show cause ("Order") in writing – by October 12, 2022 – why the Complaint should not be dismissed with leave to amend for Plaintiff's use of a pseudonym in the caption and for failure to comply with Federal Rules of Civil Procedure 10, 17, and Local Rule 11-3.8.  See Doe v. Kamehameha Sch., 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names."); see also Doe v. Rostker, 89 F.R.D. 158, 163 (N.D. Cal. 1981) ("This court has both the duty and the right to ensure compliance with the Federal Rules and to take action necessary to achieve the orderly and expeditious disposition of cases." (internal citations omitted)).  In the Order, the Court also instructed Plaintiff that he could, alternatively, file an Amended Complaint listing his true name in the caption—also by October 12, 2022.  (Docket No. 10.)  To date, Plaintiff has neither filed a response to the Order nor filed an amended complaint.  The Court warned Plaintiff that, "[f]ailure to timely or adequately respond to th[e] Order may result in the dismissal of this action without prejudice and without further notice."  (Id.).

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992), as amended (May 22, 1992) (affirming district court's dismissal of plaintiff's second amended complaint for failure to comply with its order to amend that complaint as required under Rule 10(a)).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629-30; Ferdik, 963 F.2d at 1260-61.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6959 PA (SKx) | Date | October 19, 2022 |
|---|---|---|---|
| Title | L. N. v. John Shirley | | |

availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first factor, the public's interest in the expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999)); see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1234 (9th Cir. 2006) ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket."). Similarly, the second factor will be satisfied because the Court's need to manage its docket will be served by dismissal. See In re Phenylpropanolamine, 460 F.3d at 1234.

The third factor at least marginally favors dismissal because the defendant may be further prejudiced unless the complaint is dismissed. See NextEngine, Inc. v. Bigfoot Ventures Ltd., No. CV 17-1960 PA (PLAX), 2018 WL 1309827, at *2 (C.D. Cal. Jan. 4, 2018) ("Defendant may be further prejudiced unless the complaint is dismissed."). Finally, in considering the fourth and fifth factors, the Court notes that it explicitly warned Plaintiff about the consequences of failing to respond to the September 28, 2022 Order, or failing to file an amended complaint, by October 12, 2022. See Martin v. Garden Grove Police Dep't, No. SACV1601219JFWAS, 2017 WL 990533, at *3 (C.D. Cal. Feb. 8, 2017), report and recommendation adopted, No. SACV1601219JFWAS, 2017 WL 985639 (C.D. Cal. Mar. 14, 2017) ("The Court's issuance of the [Order to Show Cause] constituted an attempt at a less drastic sanction to that of outright dismissal." (internal quotations and citations omitted)). Nevertheless, Plaintiff has done neither as of today's date. Additionally, because the Court has already adopted the "less-drastic" sanction of dismissal without prejudice, the fifth factor favors dismissal.

For these reasons, the Court dismisses this action without prejudice for failure to comply with the Court's September 28, 2022 Order. See Fed. R. Civ. P. 41(b); see also Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.